1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11 | RAHEEM JACKSON,                          CASE NO. 09cv120-WQH-POR

12 |                              Plaintiff,     ORDER

         vs.
13 | COUNTY OF SAN DIEGO and DOES 1-
     20,
14

15 |                            Defendants.

HAYES, Judge:

16
17          The matter before the Court is the Motion to Dismiss the Second Claim of the First

18 | Amended Complaint ("Motion to Dismiss"), filed by Defendant County of San Diego.  (Doc.

     # 10).
19

20 | **I.     Background**

21          On July 31, 2009, Plaintiff filed a First Amended Complaint.  (Doc. # 9).

22          **A.     Allegations of the First Amended Complaint**

23          On January 22, 2007, Plaintiff "was arrested and booked into the County Jail" "located

24 | ... in downtown San Diego."  (Doc. # 9 ¶¶ 6-7).  "As part of the intake procedure," Plaintiff

     "was taken into a room where he was given jail clothes.  When [Plaintiff] put the clothes on,
25
     he realized that the pants did not fit at all."  (Doc. # 9 ¶¶ 7-8).  Plaintiff "then returned to the
26
     jail employee who had given him the clothes and respectfully asked if he could exchange the
27
     pants for a functional pair.  The jail employee's response was verbally abusive.  He mocked
28
     [Plaintiff] with foul language.  Other jail employees came over and joined in the verbal abuse."

                                              - 1 -                          09cv120-WQH-POR

(Doc. # 9 ¶¶ 9-10). Plaintiff "attempted to calm the situation down by saying he would make do with what he was given. Jail employees then began to punch and kick [Plaintiff].... [Plaintiff] did not fight back. The beating was so severe that the jail employees fractured the orbital bone of [Plaintiff]'s eye." (Doc. # 9 ¶¶ 11-12). As a result of the beating, "Plaintiff suffered physical pain, suffering, embarrassment, humiliation, loss of quality of life, and medical expenses." (Doc. # 9 ¶ 14). "These employees of the County of San Diego acted in concert to inflict the beating upon [Plaintiff], but even more, not one of these Doe defendants had the training or adequate supervision to either stop the abuse or initiate an investigation after the fact." (Doc. # 9 ¶ 15).

The First Amended Complaint contains two claims. The First Claim seeks damages pursuant to 42 U.S.C. § 1983, alleging unlawful search and seizure and excessive force in violation of Plaintiff's constitutional rights. (Doc. # 9 ¶¶ 16-20). The Second Claim also seeks damages pursuant to 42 U.S.C. § 1983, alleging that:

> Defendant County of San Diego, through its Sheriff's Dept, has unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its officers, including the individual Defendants named herein, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action....
>
> Further, ... Defendant County of San Diego, through its Sheriff's Dept, has an unlawful policy, custom or habit of permitting or condoning the unnecessary and unjustified use of force by officers, including Does 1-20, and of permitting or condoning attitude arrests and/or acts of unreasonable force related thereto by its officers, including the individual Defendant[s] named herein. Defendant County of San Diego has a further unlawful policy, custom and habit of inadequate training, supervision and disciplining of errant officers....
>
> Defendant County of San Diego has a further unlawful custom, policy and habit of permitting or condoning unlawful detention, arrest, booking and incarceration procedures and practices by its officers. Said unlawful policies, customs and habits proximately caused the constitutional deprivations, injuries and damages alleged in the First Cause of Action.

(Doc. # 9 ¶¶ 22-24). The First Amended Complaint requests compensatory and punitive damages. (Doc. # 9 at 5).

**B.    Motion to Dismiss**

On August 6, 2009, Defendant filed the Motion to Dismiss the Second Claim of the First Amended Complaint. (Doc. # 10). Defendant contends that the allegations of the Second

1    Claim are too conclusory to comply with Federal Rule of Civil Procedure 8(a)(2).  (Doc. # 10

2    at 2-5).  Defendant also contends that the Second Claim fails because the First Amended

3    Complaint does not allege that an authorized county policy-maker adopted a deliberately

4    indifferent policy that caused a constitutional violation.  (Doc. # 10 at 5-6).

5        On August 31, 2009, Plaintiff filed an opposition brief.  (Doc. # 11).  Plaintiff contends

6    that the Second Claim adequately states a claim upon which relief may be granted.  Plaintiff

7    states: "[Plaintiff] is prepared to 'bolster' the pleadings with additional factual allegations, and

8    he asks for leave to amend should the Court find the second claim of the First Amended

9    Complaint wanting."  (Doc. # 11 at 1).

10   **II.    Discussion**

11       **A.    Standard of Review**

12       Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim

13   upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6)

14   is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support

15   a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

16   1990).

17       To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint

18   "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

19   raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

20   555 (2007).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

21   requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

22   of action will not do."  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to

23   dismiss, a court must accept as true all "well-pleaded factual allegations."  *Ashcroft v. Iqbal*,

24   --- U.S. ---, 129 S. Ct. 1937, 1950 (2009).  However, a court is not "required to accept as true

25   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

26   inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also*

27   *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general

28   statement that Wal-Mart exercised control over their day-to-day employment is a conclusion,

1   not a factual allegation stated with any specificity.  We need not accept Plaintiffs' unwarranted

2   conclusion in reviewing a motion to dismiss.").  "In sum, for a complaint to survive a motion

3   to dismiss, the non-conclusory factual content, and reasonable inferences from that content,

4   must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*

5   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

6           **B.     Municipal Liability Under 42 U.S.C. § 1983**

7           Title 42 U.S.C. § 1983 provides a cause of action against any person who, under color

8   of state law, deprives any citizen of any rights, privileges, or immunities secured by the

9   Constitution and laws of the United States.  Municipalities are considered "persons" under 42

10  U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation.  *Monell v.*

11  *Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  A municipality, however, "cannot be held

12  liable solely because it employs a tortfeasor–or, in other words, a municipality cannot be held

13  liable under [42 U.S.C. § 1983] under a respondeat superior theory." *Id.* at 691.  Liability only

14  attaches where the municipality itself causes the constitutional violation through "execution

15  of a government's policy or custom, whether made by its lawmakers or by those whose edicts

16  or acts may fairly be said to represent official policy." *Id.* at 694.  "A plaintiff may also

17  establish municipal liability by demonstrating that (1) the constitutional tort was the result of

18  a longstanding practice or custom which constitutes the standard operating procedure of the

19  local government entity; (2) the tortfeasor was an official whose acts fairly represent official

20  policy such that the challenged action constituted official policy; or (3) an official with final

21  policy-making authority delegated that authority to, or ratified the decision of, a subordinate."

22  *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quotations omitted).  Additionally, a

23  municipality's failure to train its employees may create § 1983 liability where the "failure to

24  train amounts to deliberate indifference to the rights of persons with whom the [employees]

25  come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

26          The Second Claim of the First Amended Complaint consists of "threadbare"

27  conclusions which track the elements for *Monell* liability. *Iqbal*, 129 S. Ct. at 1949 ("[T]he

28  tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The allegations of the Second Claim are insufficient to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure.  *See id.* at 1949-50; *see also Young v. City of Visalia*, --- F. Supp. 2d ---, No. 09-cv-115, 2009 WL 2567847, at *7 (E.D. Cal., Aug. 18, 2009) ("The complaint does not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm....  Because the Complaint contains insufficient facts that plausibly indicate a valid *Monell* claim, dismissal is appropriate."); *cf. Querry v. Smale*, No. 09cv215, 2009 U.S. Dist. LEXIS 60889, 2009 WL 2151896, at *3-*4 (S.D. Cal., July 15, 2009) (distinguishing between *Monell* claims that meet the applicable pleading standards and those that do not).  Therefore, the Second Claim of the First Amended Complaint is dismissed without prejudice.  Plaintiff is entitled to file a motion for leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), accompanied by a proposed second amended complaint.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**.  (Doc. # 10). The Second Claim of the First Amended Complaint is **DISMISSED** without prejudice.

DATED:  September 29, 2009

**WILLIAM Q. HAYES**
United States District Judge